UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VILLAGE REALTY, | ) | CIVIL ACTION NO. 1:19-CV-1473 |
| Plaintiff | ) | |
| | ) | (RAMBO, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MICHAEL MCPHERSON, | ) | |
| Defendant | ) | |

REPORT & RECOMMENDATION

I.   INTRODUCTION

On August 23, 2019, Michael McPerhson ("Defendant") filed a Notice of Removal, along with: (1) a notice of removal that was filed in state court on August 23, 2019, (Doc. 1-2); (2) a notice of intent to sue the Administrative Office of York County Courts and York County Courts filed in state court on August 21, 2019, (Doc. 1-3, p. 1); (3) two copies of a request for the transcript of a proceeding held in the York County Court of Common Pleas on January 15, 2019, (Doc. 1-3, pp. 3, 6); (4) the response to Defendant's request for a transcript, which explains that the proceeding at issue was not a record proceeding, (Doc. 1-2, p. 2); (5) an application for a continuance in the state law case *Village Realty v. McPherson*, 2018 SU-000146 (C.P. York Cty.) and a proposed order, (Doc. 1-3, pp. 4-5); and (6) an Order signed by Judge Clyde W. Vedder denying Defendants' request for a

continuance (Doc. 103, p. 7). Defendant also filed a separate document entitled "County Court Record from York County." (Doc. 4 *et seq.*).

Defendant appears to be seeking removal of a state court landlord-tenant case that originated in York County based on a series of, what I construe as, counter-claims in which he alleges Plaintiff Village Realty violated multiple federal statutes. Defendant paid the filing fee.

For the reasons explained below, IT IS RECOMMENDED that this case be REMANDED to the York County Court of Common Pleas because this Court lacks subject-matter jurisdiction.

## II.   BACKGROUND & PROCEDURAL HISTORY

The removal documents submitted by Defendant suggest that Defendant is attempting to remove a landlord-tenant dispute initiated by Defendant's Landlord, Village Realty ("Plaintiff") in February of 2018, for possession of the premises. Specifically, Defendant alleges that:

> Original case was filed by Plaintiff, Village Realty by their attorney Kurt Blake, Esq. in the York County Court, York County, Pennsylvania. On Feb. 9, 2018 Relating to a Landlord-Tenant Money Judgment and Possession Demand relating to rental property located at 611 Green Meadows Dr, Dallastown, York County, Pennsylvania 17313. Plaintiff's Attorney, Kurt Blake, Esq. filed with the state court an improper and altered lease contract. Attorney Blake sent the same false-fake lease contract to the Defendant via the U.S. Mail. In subsequent state court filings, the Plaintiff continued sending via U.S. Mail the known to be fake lease contract to the Defendant.

> In a state court order dated July 2nd, 2018, the Honorable Judge Andrea Strong denied the Plaintiff's Motion for Summary Judgment based upon the evidence the Defendant provided to the state court, the true and correct original lease.

(Doc. 1, pp. 3-4).

Review of the state court docket shows that, on January 3, 2018, landlord/tenant complaint was filed by Plaintiff. *Village Realty v. McPherson,* No. MJ 19202-LT-0000001-2018 (Magis. Ct. York Cty). On January 10, 2018, a judgment was entered in favor of Plaintiff. *Id.* On January 22, 2018, Defendant filed a possession appeal, and that the result of the appeal was unsuccessful. *Id.* On July 10, 2018, Plaintiff requested an order of possession, and that its request was granted. *Id.* On July 23, 2018, Defendant filed second possession appeal. *Id.* Based on the documents attached to Defendants' notice of removal, an appeal of this matter is currently pending before the York County Court of Common Pleas. (Doc. 1-3, p. 4) (application for continuance filed in the York County Court of Common Pleas in *Village Realty v. McPherson,* No. 2018-SU-000146 (C.P. York Cty.))

Defendant contends that "removal is based on federal question because a federal question is visible with the 8/21 order and initial pleading filed by Village

Realty (Plaintiff)." (Doc. 1, p. 1).[1] Specifically, Defendant alleges that Plaintiff and its attorney committed the following offenses:

(1) 18 U.S.C. § 241 (conspiracy against rights);

(2) 18 U.S.C. § 1341 (frauds and swindles);

(3) 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant);

(4) 18 U.S.C. § 1513 (retaliating against a witness, victim, or an informant);

(5) 18 U.S.C. § 1621 (perjury);

(6) 18 U.S.C. § 1622 (subornation of perjury);

(7) 18 U.S.C. § 1623 (false declarations before grand jury or court);

(8) 28 U.S.C. § 455 (disqualification of justice, judge, or magistrate judge); and

(9) Unfair Trade Practice.

(Doc. 1, p. 2). He also alleges that his due process rights were violated because the State court judge denied Defendants' motion for a continuance. (Doc. 1, p. 4).

III. ANALYSIS

Section 1441 of Title 28 of the United States Code provides, in relevant part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[1] The August 21, 2019 Order referenced by Defendant in his Notice of Removal appears to be a denial of a request for continuance. (Doc. 1-3, p. 7). Defendant did not provide a copy of the initial pleading filed by Village Realty.

>defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending.

28 U.S.C. § 1441(a). Put plainly, "removal from state to federal court is proper only when the district court to which removal is sought would have original jurisdiction over the action." *Groves v. Wilson*, 404, F. App'x 705, 707 (3d Cr. 2010) (citing 28 U.S.C. § 1441(a)).

"The two primary types of 'original jurisdiction' contemplated by 28 U.S.C. § 1441(a) are diversity jurisdiction and federal question jurisdiction." *Fed. Nat'l Mortgage Assoc. v. Preston*, No. 5:15-CV-1739, 2015 WL 6751064 at *2 (M.D. Pa. Nov. 5, 2015).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler,* 132 S.Ct. 641, 648 (2012). Thus, the court has an obligation to satisfy itself that it has subject-matter jurisdiction, and the court may raise the issue *sua sponte*. *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In this case, Defendant has not

demonstrated that this Court has either diversity jurisdiction or federal question jurisdiction.

    A.    DEFENDANT HAS FAILED TO SHOW THAT THIS COURT HAS DIVERSITY JURISDICTION OVER THE ORIGINAL COMPLAINT

The court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between *inter alia* citizens of different states. 28 U.S.C. § 1332. Section 1332 requires complete diversity. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* "A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Kissi v. Gillespie*, 348 F. App'x 704, 705-06 (3d Cir. 2009) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

In his civil cover sheet Defendant asserts that both Plaintiff and Defendant are located in York County, Pennsylvania. Therefore, complete diversity does not exist in this case.

    B.    DEFENDANT HAS FAILED TO SHOW THAT HIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THE ORIGINAL COMPLAINT

The court has federal-question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Defendant appears to seek removal of an eviction proceeding to federal court. "A federal district court does not have original jurisdiction to hear landlord-tenant disputes." *Tower v. Ackerman*, No. 2:19-CV-00134, 2019 WL 1300869 at *2 (W.D. Pa. Mar. 1, 2019) (citing *Groves v. Wilson*, 404 F. App'x 705 (3d Cir. 2915)).

To the extent Defendant alleges that removal is proper based on the counter-claims alleged in his notice of removal, he is mistaken. This Court does not have jurisdiction to hear counterclaims based on federal law where the original complaint is based entirely on state law. The only federal statutes or constitutional rights implicated are in Defendant's notice of removal, in which he alleges that Plaintiff (as well as the Common Pleas Judge and Common Pleas Court, although they are not named as parties to this action) have violated a series of federal statutes as well as Defendant's rights under the due process clause. These allegations are essentially counterclaims, as they are asserted in response to Plaintiff's original complaint. Federal jurisdiction cannot rest upon an actual or anticipated counterclaim. *Fed. Nat'l Mortgage Assoc. v. Preston*, No. 4:15-CV-1739, 2015 WL 6751064 at *2 n. 20 (M.D. Pa. Nov. 5, 2015) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Accordingly, I find that this Court does not have federal question jurisdiction over the case that Defendants seeks to have removed.

IV.    RECOMMENDATION

      IT IS RECOMMENDED THAT:

(1)    This case be REMANDED to the York County Court of Common Pleas.

Date: October 24, 2019                       BY THE COURT

                                            *s/William I. Arbuckle*
                                            William I. Arbuckle
                                            U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VILLAGE REALTY, | ) | CIVIL ACTION NO. 1:19-CV-1473 |
| Plaintiff | ) | |
| | ) | (RAMBO, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| MICHAEL MCPHERSON, | ) | |
| Defendant | ) | |

### NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: October 24, 2019                                      BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge